IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT L. ROWLAND,

    Plaintiff,

v.     CASE NO. 4:10-cv-64-RH-GRJ

DONNIE CONYERS, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's *pro se* First Amended Complaint. (Doc. 16.) Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), filed his First Amended Complaint on the Court's civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983. From a review of the First Amended Complaint, it is evident the facts as presented fail to state a claim upon which relief can be granted with respect to most of the claims in the First Amended Complaint. Plaintiff will be given an additional opportunity to amend his First Amended Complaint to include only his deliberate indifference claim, the only claim in the First Amended Complaint, which may present a claim upon which relief may be granted.

## I. BACKGROUND AND FACTS

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against Defendants former Sheriff Harrell W. Revell and Sheriff Donnie Conyers of the Liberty County Sheriff's Office, Investigators Ed King of the Florida Department of Law Enforcement ("FDLE") and Jennifer Skipper of the FDOC, and Sandy Vanlandingham and the State Attorney for the Second Judicial Circuit in Gadsden County, Florida. Plaintiff claims the

Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, his Fourteenth Amendment right to due process, and his First Amendment rights to free speech and access to the courts. Plaintiff also alleges that Defendants breached an oral contract and acted in a negligent manner in the way in which Defendants dealt with Plaintiff.

The material facts alleged in the First Amended Complaint disclose the following details. In February 2005 Plaintiff was sentenced to ten years' incarceration in a criminal proceeding in Leon County.  At the conclusion of the Leon County criminal proceedings –  and before Plaintiff was transferred to the custody of the FDOC to begin serving his sentence on the Leon County charges –  Plaintiff was transferred to the Liberty County Jail to face Liberty County charges unrelated to the Leon County proceedings.

In July 2005, while Plaintiff was in the Liberty County Jail awaiting resolution of the Liberty County charges, then-Liberty County Sheriff Harrell W. Revell approached Plaintiff to perform remodeling work on a home owned by Revell's friend, Sandy Vanlandingham.  Vanlandingham apparently was employed as an investigator for the State Attorney's Office for the Second Judicial Circuit in Gadsden County, Florida, the prosecuting authority on the Liberty County charges.  Vanlandingham worked with Rick Combs, the Assistant State Attorney handling Plaintiff's case in the Liberty County charges. According to Plaintiff, Sheriff Revell told Plaintiff if he performed the work on Vanlandingham's house, Plaintiff could avoid serving time in prison on the Liberty County charges, serve his sentence on the Leon County charges in the Liberty County Jail, and could earn money to support Plaintiff's children.  Plaintiff alleges he was under

duress to perform the requested work on Vanlandingham's home because Vanlandingham was assisting Combs in prosecuting the Liberty County charges then pending against Plaintiff.

Plaintiff began work on Vanlandingham's home in July 2005 and was unsupervised in his work. While Plaintiff was performing work on Vanlandingham's home, he severely injured his right thumb, almost amputating the thumb, while operating a table saw. Plaintiff alleges he did not receive any medical care for his injury and that he was denied medical care and treatment for his injured thumb by the Liberty County Sheriff.

Plaintiff also alleges Vanlandingham refused to pay Plaintiff for the work as agreed and Plaintiff consequently walked off the job in protest at Vanlandingham's failure to pay him pursuant to their oral contract.

Plaintiff was later placed in FDOC custody after the Liberty County charges against him were resolved. He complained to the FDOC about having been forced to work on Vanlandingham's home and the FDOC and FDLE both investigated Plaintiff's allegations. Defendant Jennifer Skipper of the FDOC and Defendant Ed King of the FDLE interviewed Plaintiff in November 2008 as part of the investigation of Plaintiff's allegations. Plaintiff alleges Skipper and King confiscated his photographs and letters in the course of conducting their investigation. Plaintiff also states both investigators harassed a friend of Plaintiff's who was in possession of several documents Plaintiff had sent to her regarding Plaintiff's performance of work at Vanlandingham's home.

Plaintiff claims he was deprived of the opportunity to earn gain time as a result of the Defendants' actions. He also claims he was forced to engage in slave labor for

private interests while he was housed at the Liberty County Jail. He further alleges the Defendants were deliberately indifferent to a serious medical need in connection with Plaintiff's thumb injury. Plaintiff seeks a declaratory judgment that the Defendants' acts violated his rights as well as compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A mandates the Court must independently review all cases brought by prisoners against government entities or employees. The Court is further directed by section 1915A to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Plaintiff filed his Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983. A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social

Servs., 436 U.S. 658 (1978))).

### III. DISCUSSION

Plaintiff's First Amended Complaint purports to bring a host of federal constitutional and state law claims against a number of different Defendants. To provide guidance to Plaintiff in amending his complaint, the Court will review these claims below.

### A.     Improper Defendants

To establish liability under 42 U.S.C. § 1983, Plaintiff must show an affirmative causal connection between each Defendant's conduct and the constitutional deprivation. Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). Plaintiff has not included any factual details with respect to the alleged violation of his federal constitutional rights by Liberty County Sheriff Donnie Conyers. Simply because Sheriff Conyers is the Liberty County Sheriff is legally insufficient to allege a claim against him for the action of others. Under section 1983 liability cannot be based upon *respondent superior*. Accordingly, Plaintiff should delete Donnie Conyers as a Defendant when he amends his First Amended Complaint.

Plaintiff also alleges Defendants Ed King and Jennifer Skipper investigated his claims on behalf of the FDLE and FDOC, respectively. Other than alleging they investigated his claim Plaintiff has failed to allege any link between their actions and the alleged constitutional violations. Simply because King and Skipper did not conduct the investigation in the manner and with results Plaintiff wanted is insufficient to state a constitutional violation. Plaintiff should thus delete King and Skipper as Defendants from his Second Amended Complaint unless he can make specific factual allegations

with respect to constitutional deprivations committed by either Skipper or King.

**B.     Plaintiff's Involuntary Servitude Claim**

Plaintiff claims he was under duress to perform work on Defendant Sandy Vanlandingham's home because Vanlandingham was working as an investigator for the state authority prosecuting him on the Liberty County charges.  He seeks to bring an involuntary servitude claim against Vanlandingham, Revell and the State Attorney's Office for the Second Judicial Circuit.  This claim fails to state a cause of action for involuntary servitude under the Eighth, Thirteenth or Fourteenth Amendments.

To the extent Plaintiff attempts to frame his involuntary servitude claim as a due process violation under the Fourteenth Amendment Plaintiff cannot state a claim. The Due Process Clause of the Fourteenth Amendment provides in relevant part that no state "shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1.  Due process does not protect prisoners from every negative impact their confinement may have on them.  Meachum v. Fano, 427 U.S. 215, 222 (1976).  Although prisoners retain due process and a number of other constitutional rights, their liberty and property interests are subject to certain restrictions by virtue of their imprisonment.  Id. at 225.  Thus, prisoners are not entitled to due process procedures (notice and hearing) whenever their liberty is affected, but only when this restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). This Court has previously concluded the failure to compensate a prisoner for his work is not a due process violation. See Daniels v. Crosby, 444 F.Supp. 2d 1220, 1226 n.4 (N.D. Fla. 2006).  Plaintiff fails to allege how his liberty was deprived as a result of

performing the work on Vanlandingham's house nor has he shown how the failure to receive wages for his work as a prisoner raises a due process consideration.

Plaintiff also has failed to state a claim for involuntary servitude under either the Eighth or Thirteenth Amendments. Courts who have addressed the propriety of an involuntary servitude claim by a prisoner for forced performance of services – similar to the claim advanced by Plaintiff in this case – have done so under either the Eighth Amendment or under the Thirteenth Amendment.

For example, in Villarreal v. Woodham, 113 F.3d 202, 204 (11th Cir. 1997) the Eleventh Circuit addressed the issue of forced performance of services in a case in which a sheriff ordered a pretrial detainee to perform translation services for other inmates, medical and court personnel, purportedly promised the detainee compensation for the services, and then failed to compensate the pretrial detainee. The Eleventh Circuit there in analyzing the issue under the Eighth Amendment upheld the dismissal of the detainee's involuntary servitude claim, holding the forced performance of services by a detainee, which did not pose a risk to the detainee's health or safety, was not a violation of the Eighth Amendment's prohibition of cruel and unusual punishment.[1] Id. at 207.

The Fifth Circuit reached a similar conclusion in two forced labor cases involving a prisoner but analyzed the issue under the Thirteenth Amendment.[2] See, e.g., Watson

---

[1] Also at issue in that case was whether the inmates must be paid a minimum wage as required by federal law. The court held that pretrial detainees are not employees covered by the Fair Labor Standards Act ("FLSA") and, therefore, are not entitled to minimum wage. Villarreal v. Woodham, 113 F.3d 202, 207-08 (11th Cir. 1997).

[2] The Thirteenth Amendment provides in pertinent part that "[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States or any place subject to their jurisdiction." U.S. Const. amend XIII.

v. Graves, 909 F.2d 1549, 1552-55 (5th Cir. 1990)(Louisiana Sheriff not liable under section 1983 for violation of the Thirteenth Amendment where sheriff arranged for prisoners to work for considerably less than minimum wage at Sheriff's family's construction company as part of a "work release program," because prisoner has a choice whether to work); Murray v. Mississippi Dep't of Corrections, 911 F.2d 1167, 1167-68 (5th Cir.1990)(Although Mississippi law[3] likely prevented an inmate from working on private property, the Fifth Circuit "decline[d] to create a private-property exception ... that an inmate may be compelled to work without pay," finding "no basis from which to conclude that working an inmate on private property is any more violative of constitutional or civil rights than working inmates on public property.").

Thus, because by the very nature of their restriction as prisoners, prisoners cannot bring a claim for violation of the Thirteenth Amendment simply because they are forced to do work - either public or private – without compensation. And in the absence of an allegation that the forced work presents a risk to the health or safety of the prisoner, a prisoner cannot state a claim for violation of the Eighth Amendment where the prisoner is forced to perform work without compensation. Accordingly, Plaintiff has failed to state a cause of action upon which relief may be granted for involuntary servitude under either the Eighth or the Thirteenth Amendments.

C.  **Plaintiff's Deliberate Indifference Claim**

Plaintiff's First Amended Complaint can also be construed as raising a claim under the Eighth Amendment or under the Fourteenth Amendment for deliberate

---

[3] Florida law contains a similar prohibition against the leasing of inmates to work for any private interests. FLORIDA STAT. § 951.10.

*Case No: 4:10-cv-64-RH-GRJ*

indifference against the Liberty County Sheriff for a lack of medical treatment Plaintiff received after he severely injured his right thumb while operating a table saw while performing work on Vanlandingham's home.[4]  Plaintiff alleges "the Liberty County Sheriff's Dept. failed to secure a medical treatment plan and care for Plaintiff creating a deliberate indifference to medical needs as Plaintiff was under the care, custody, and control of their agent acting under color of state law."  (Doc. 16 at 6-A.)  "To prevail on a claim for deliberate indifference to serious medical needs, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury."  Mann v. Taser Int'l., Inc., 588 F.3d 1291, 1206-06 (11th Cir. 2009).  Plaintiff has alleged the Liberty County Sheriff failed to provide him any treatment in connection with his right thumb injury, which is sufficient to state a claim for deliberate indifference and, accordingly, Plaintiff will be allowed to proceed on his deliberate indifference claim.

### D.     Plaintiff's Claims for First Amendment Access to Court and Free Speech

In the First Amended Complaint, Plaintiff also alleges the Defendants violated his First Amendment rights to access the courts and freedom of speech.  Plaintiff, however, has failed to include any factual allegations with respect to his right to complain to prison officials about his conditions of confinement. Moreover, none of the events

---

[4] The Eighth Amendment does not apply to pre-trial detainees, but the failure to provide medical treatment or the provision of inadequate medical treatment to a pre-trial detainee is instead governed by the Due Process Clause of the Fourteenth Amendment.  Craig v. Floyd County, 643 F.3d 1306, 1311 (11th Cir. 2011).  It is unclear from the factual allegations in the First Amended Complaint whether Plaintiff was a pre-trial detainee awaiting the resolution of the Liberty County charges or whether he was instead serving his sentence on the Leon County charges in the Liberty County Jail at the time he severed his right thumb.  This does not matter, however, because "[i]n regard to providing pretrial detainees with such basic necessities as ... medical care, the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."  Hamm v. Dekalb County, 774 F.2d 1567, 1574 (11th Cir. 1985).

Plaintiff describes has any relationship to conduct by a particular defendant, which suggests Plaintiff's ability to file a lawsuit or prepare legal papers was impeded. Accordingly, Plaintiff has failed to state any cognizable claim for violation of the First Amendment.

E.   **Plaintiff's State Law Claims**

   1.   **Loss of Gain Time**

Plaintiff also claims that during the time in he was in the Liberty County Jail awaiting resolution of the Liberty County charge he lost gain time on his state conviction he should have earned. Plaintiff's allegation does not raise a claim that he lost gain time he already had earned but rather that he lost the *opportunity* to earn gain time. Further, because there is no allegation that the DOC even determined that Plaintiff was not entitled to gain time there is no cognizable claim raised in the First Amended Complaint. Thus, because gain time is a state created right – the calculation of which is governed solely by Florida state law – Plaintiff has not, and cannot, allege he was deprived of any federal right and, accordingly, Plaintiff has failed to allege a cause of action under section 1983 for loss of gain time.

   2.   **Breach of Contract and Negligence**

Plaintiff also attempts to bring a state law claims for negligence against the Liberty County Sheriff and a breach of contract claim against Vanlandingham. Plaintiff cannot bring state law claims against a defendant in federal court under Section 1983 absent a federal constitutional violation by the defendant. Paul v. Davis, 424 U.S. 693, 710 (1976)(noting that an allegation of defamation alone by a state official is insufficient to bring a claim under Section 1983). Further, because there is no diversity of

citizenship between the Plaintiff and all of the Defendants the Court does not have subject matter jurisdiction over these claims independent of section 1983.

## IV. CONCLUSION

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his First Amended Complaint to name the proper Defendants and proceed only with his claim for deliberate indifference to his medical needs, the only claim in the First Amended Complaint which arguably states a claim upon which relief may be granted. To amend his First Amended Complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Second Amended Complaint." An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file his Second Amended Complaint with the Clerk of the Court and keep one identical copy for himself.

Accordingly, it is hereby **ORDERED**:

1. The **Clerk** is directed to send the Plaintiff a blank civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983, which Plaintiff shall complete in full and file on or before **October 21, 2011.**

2. Failure to comply with this Order in the allotted time will result in a recommendation to the district judge that this cause be dismissed.

**DONE AND ORDERED** this 26th day of September, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge