IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT L. ROWLAND,

    Plaintiff,

vs.                                                Case No: 4:10-cv-64-RH-GRJ

DONNIE CONYERS,
LIBERTY COUNTY SHERIFF

    Defendant.
_____/

**ORDER**

This case is before the Court on Plaintiff's Motion for Extension of Time to Allow United States Marshals to Effect Proper Individual Service on Sheriff Donnie Conyers of the Liberty County Sheriff's Department (Doc. 36). Also pending are Plaintiff's Motion/Request for Final Judgment and Motion for Final Hearing Date, Motion for Default Judgment as to Donnie Conyers, Motion for Hearing, and Motion for Computation of Damages. (Docs. 30, 31, 32, 33.) For the reasons set forth below, Plaintiff's motion for extension of time to effect service is due to be granted. Plaintiff's other motions are due to be denied as moot.

Plaintiff, a prisoner in the custody of the Florida Department of Corrections, sought entry of a default judgment against Defendant Donnie Conyers, Sheriff of Liberty County, Florida. A Clerk's Default was entered against Sheriff Conyers on May 16, 2012 (Doc. 29) due to Sheriff Conyers's failure to respond to the Plaintiff's Second Amended Complaint (Doc. 21). Plaintiff contended the Defendant was served with process on April 5, 2012 and asked the Court to enter a default judgment under Rule 55

against the Defendant. (Doc. 31.) This Court's service order had provided Sheriff Conyers with 21 days after service of the Second Amended Complaint to file an answer or otherwise respond. (Doc. 22.) No response from Defendant Conyers was ever filed with the Court.

In response to the Plaintiff's request for a default judgment, the Court reviewed the docket, which reflected that a summons and a copy of the Second Amended Complaint were personally served by the United States Marshal on April 5, 2012 upon an individual named Nicole Thompson, who is listed on the return of service as a Secretary. (Doc. 25.) The Court noted that pursuant to Fed. R. Civ. P. 4(j)[1], when serving a state, municipal corporation, or any other state-created governmental organization that is subject to suit, the defendant must be served through one of the following methods: (i) delivering a copy of the summons and complaint to its chief executive officer; or (ii) serving a copy of the summons and complaint in the manner prescribed by state law for service on such defendant. (Doc. 34.) Under Florida law service of process against any public agency, board, commission or department that is not a body corporate or having a governing board or commission can be served on the public officer being sued or the chief executive officer of the agency, board, commission, or department. FLA. STAT. 48.111(2).

The Court further noted that in this case, the return did not reflect that service was made in accordance with any of the provisions of Federal Rule of Civil Procedure

---

[1] Because Plaintiff is suing Sheriff Conyers in his official capacity, the suit is properly construed as raising a claim against the Liberty County Sheriff's Office. Owens v. Fulton County, 877 F.2d 947, 951 n. 5 (11th Cir.1989)("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.").

4, because service of process upon a secretary is not an available method of service under Florida law or under Rule 4 for service on the office of a county sheriff. Accordingly, the Court deferred ruling on Plaintiff's motion for default judgment to give Plaintiff an opportunity to show cause that the summons and complaint were served properly in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 34.)

In response to the order to show cause, Plaintiff has stated that he believed service to be properly made on Ms. Thompson, and that he relied on the representations of the Clerk's office that proper service had been effectuated. (Doc. 35.) Plaintiff also appears to concede that service in this case was improper, however, as he did not argue that service was properly made under Rule 4. Plaintiff also filed a motion for extension of time to effectuate service. (Doc. 36.) In that motion, he states that he has contacted the United States Marshals Service and requested that service be made on Sheriff Conyers again. Plaintiff also requests an additional sixty (60) days under Rule 4(m) within which to effectuate service of process on Defendant.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that "If service of the summons and complaint is not made upon a defendant within 120 days after filing the complaint, the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court *shall* extend the time for service for an appropriate period."

The 120 day mandate imposed by the rule was not meant to be enforced harshly or inflexibly, Williams v. Publix Warehouse, 151 F.R.D. 428, 431 (M.D. Fla. 1993). To satisfy the "good cause" standard, the party seeking an enlargement of time to effect

service need only show good faith and a reasonable basis for noncompliance with the rule's timeliness requirement. Gambino v. Village of Oakbrook, 164 F.R.D. 271, 274 (M.D. Fla. 1995). Based upon the representations in Plaintiff's motion the Court concludes that Plaintiff has satisfied the good cause standard, and will grant the motion to extend time to effectuate service. Because service was not properly completed in the first instance, the Court will quash service on the first summons, and then direct the clerk to deliver a second summons and waiver form to the Marshal so that service may be made properly.

Finally, because service on Defendant Conyers was never made properly, the Court also directs that the Clerk's default be set aside. In the absence of a default, Plaintiff's remaining motions for final judgment and hearing date, default judgment, hearing, and computation for damages are now moot.

Accordingly, upon due consideration, it is **ORDERED** that:

(1) The Clerk must set aside the Clerk's Default against Defendant Conyers, Doc. 29.

(2) Plaintiff's Motion/ Request for Final Judgment and Motion for Final Hearing Date, Motion for Default Judgment as to Donnie Conyers, Motion for Hearing, and Motion for Computation of Damages, Docs. 30, 31, 32, and 33, are **DENIED as moot**.

(3) Plaintiff's Motion for Extension of Time to Allow United States Marshals to Effect Proper Individual Service on Sheriff Donnie Conyers of the Liberty County Sheriff's Department (Doc. 36) is **GRANTED**.

(4) Service of the the previous summons is quashed.

(5) The clerk shall print a copy of the Second Amended Complaint and shall complete the USM-285 forms and AO-398 and AO-399 forms for the Defendant.

(6) The Clerk must issue a summons, indicating that Defendant has twenty-one (21) days in which to file a response to the Second Amended Complaint, and refer the summons, a copy of this order, a service copy of the Second Amended Complaint, the completed USM-285 form and the completed AO-398 and AO-399 forms, to the United States Marshals Service (USMS).  Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

(7) Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, the USMS shall send a copy of the Second Amended Complaint, a copy of this order, a completed AO-398 form and a copy thereof, a AO-399 form, and a prepaid means of compliance to the Defendant through first class mail. The USMS shall mail the forms to Defendant as soon as possible so that service or waiver of service can be completed within 120 days from the date of entry of this order on the docket.

(8) If after thirty (30) days from the mailing of the waiver of service forms and the complaint the Defendant has not returned the waiver of service form (AO-399 form), the USMS shall personally serve the Defendant pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  Upon completion of service, the USMS shall file with the clerk the return and a written statement of all costs incurred of making such personal service.

(9) The Clerk must refer this file to the undersigned if the waiver form is returned for insufficient address or for similar reason, if service on the Defendant is returned unexecuted, or if the USMS has filed a statement of costs incurred for making personal service.

(10) Defendant shall have twenty-one (21) days in which to file a response to the Second Amended Complaint.

(11) No motion for summary judgment shall be filed by any party prior to entry of an initial scheduling order without permission of the court.

(12) Counsel for Defendant shall file a notice of appearance within ten (10) days of the date of service of the Second Amended Complaint.

(13) Once a response to the Second Amended Complaint is filed, no amendments to the Second Amended Complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

(14) After a response to the Second Amended Complaint has been filed by Defendant, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate of service stating the date a correct copy of the paper was mailed to Defendant or to the attorney representing Defendant.  **Any paper submitted for filing after a response to the complaint has been filed by Defendant which does**

**not contain a certificate of service shall be returned by the clerk and disregarded by the court**.

(15) In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiff wishes to consent he should sign the form and forward it to counsel for Defendant, who, if Defendant consents, shall return it to the clerk only if Defendant also consents.

(16) Plaintiff shall have until **September 11, 2012** to complete service of process upon Defendant.

(17) **In any event, the Clerk shall refer this file to the undersigned forty-five (45) days from the date of this order**.

**DONE AND ORDERED** this 23rd day of July 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge