IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT L. ROWLAND,

    Plaintiff,

vs.                                        Case No: 4:10-cv-64-RH-GRJ

DONNIE CONYERS,
LIBERTY COUNTY SHERIFF

    Defendant.
_____/

## ORDER

This case is before the Court on Plaintiff's Motion for Clarification and Objections, and Defendant Conyers' Motion to Quash Service of Process (Docs. 43, 46). For the following reasons, Plaintiff's motion is due to be denied as moot and Defendant's motion is due to be granted.

The background to the case is this. Plaintiff, a prisoner in the custody of the Florida Department of Corrections, sought entry of a default judgment against Defendant Donnie Conyers, Sheriff of Liberty County, Florida. The Court reviewed the docket and determined that personal service had been improperly made upon Nicole Thompson, who was listed on the return of service as a Secretary. (Doc. 25.) Both Federal Rule of Civil Procedure 4(j) and Florida Statutes 48.111(2) require that personal service be made on the "chief executive officer" of a state-created governmental organization.

After Plaintiff responded to an order to show cause, the Court granted Plaintiff an extension of time to effectuate service and ordered that the previous summons be quashed. (Doc. 39.) The Court further ordered the United States Marshals to mail the

complaint and a waiver of service to Defendant Conyers.  If Defendant Conyers did not submit the waiver of service, the Marshals were ordered to personally serve him in accordance with the Federal Rules of Civil Procedure.  This meant, as per the extensive discussion in the body of the order, that **Defendant Conyers—not Ms. Thompson—was to be served**.

It now appears that service was again improperly made, because on August 7, 2012, Ms. Thompson was again served.  (Doc. 44.)  Defendant Conyers has filed a motion to quash the summons because of this improper service.  This motion will be granted, but Defendant Conyers should take note: he has provided no evidence whatsoever that he did not receive the complaint and waiver of summons, and has chosen not to waive service.  Pursuant to Rule 4(d)(2)(A) of the Federal Rules of Civil Procedure the Court must impose on the defendant the expenses later incurred in making service.

Accordingly, upon due consideration, it is **ORDERED** that:

(1)  Defendant Conyers' Motion to Quash Service of Process, Doc. 46, is **GRANTED**.

(2)   Plaintiff's Motion for Clarification and Objections, Doc. 43, is **DENIED as moot**.

(3)  Service of the previous summons is quashed.

(5)  The clerk shall print a copy of the Second Amended Complaint and shall complete the USM-285 forms for the Defendant**.**

(6)    The Clerk must issue a summons, indicating that Defendant has twenty-one (21) days in which to file a response to the Second Amended Complaint, and refer the summons, a copy of this order, a service copy of the Second Amended Complaint, and the completed USM-285 form, to the United States Marshals Service (USMS).  Pursuant to Fed. R. Civ. P. 4(c)(2), all costs of service shall be advanced by the United States.

(7)    The USMS shall personally serve the Defendant pursuant to Rule 4(j) of the Federal Rules of Civil Procedure.  **This requires that Defendant Conyers, and ONLY Defendant Conyers, be served.  Service upon a secretary or administrative assistant will not comply with this order.** Upon completion of service, the USMS shall file with the clerk the return and a written statement of all costs incurred of making such personal service.

(9)    The Clerk must refer this file to the undersigned if service on the Defendant is returned unexecuted, or if the USMS has filed a statement of costs incurred for making personal service.

(10)   Defendant shall have twenty-one (21) days in which to file a response to the Second Amended Complaint.

(11)   No motion for summary judgment shall be filed by any party prior to entry of an initial scheduling order without permission of the court.

(12)   Counsel for Defendant shall file a notice of appearance within ten (10) days of the date of service of the Second Amended Complaint.

(13)   Once a response to the Second Amended Complaint is filed, no amendments to the Second Amended Complaint shall be permitted by the court unless, as required by Rule 15 of the Federal Rules, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint.

(14)   After a response to the Second Amended Complaint has been filed by Defendant, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate of service stating the date a correct copy of the paper was mailed to Defendant or to the attorney representing Defendant.  **Any paper submitted for filing after a response to the complaint has been filed by Defendant which does not contain a certificate of service shall be returned by the clerk and disregarded by the court**.

(15)   In accordance with 28 U.S.C. § 636(c)(2), the clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it.  If Plaintiff wishes to consent he should sign the form and forward it to counsel for Defendant, who, if Defendant consents, shall return it to the clerk only if Defendant also consents.

(16)   Plaintiff shall have until **September 27, 2012** to complete service of process upon Defendant.

(17)    **In any event, the Clerk shall refer this file to the undersigned forty-five (45) days from the date of this order**.

**DONE AND ORDERED** this 28th day of August, 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge