**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ROBERT L. ROWLAND,

       Plaintiff,

v.                             CASE NO.  4:10cv64-RH/GRJ

DONNIE CONYERS,
LIBERTY COUNTY SHERIFF,

       Defendant.

_____/

## ORDER OF DISMISSAL

This is a prisoner civil-rights case.  The defendant has moved to dismiss on various grounds.  This order grants the motion based on the statute of limitations.

### I

The plaintiff is Robert L. Rowland.  The defendant is the Sheriff of Liberty County, Florida, in his official capacity.  The pleading now before the court is the second amended complaint.  The Sheriff has moved to dismiss.  For purposes of the motion, the second amended complaint's factual allegations must be taken as true.  The allegations include the following.

The Sheriff operates the Liberty County Jail. Mr. Rowland entered the jail's custody prior to January 8, 2006. On that day, Sheriff's Department employees illegally took Mr. Rowland to work on a private residence, without pay. Mr. Rowland severed his thumb while using a defective saw.

The Sheriff's Department rendered no medical care. But by January 11, 2006, Mr. Rowland was receiving treatment from Dr. D. Christian Berg, away from the jail. Mr. Rowland has not complained about the quality of care provided by Dr. Berg. Since that treatment, Mr. Rowland has remained in custody, but only in state facilities operated by the Florida Department of Corrections; he has not returned to the Liberty County Jail.

## II

Mr. Rowland seeks to recover on various grounds, not always set out clearly. He apparently asserts claims only under 42 U.S.C. § 1983, but the second amended complaint also could be read generously to also assert state-law claims. The gist of it is this. Mr. Rowland says he was illegally required to work without pay at the private residence, improperly required to use a defective saw, and improperly denied medical care, prior to seeing Dr. Berg.

Mr. Rowland delivered his original complaint to prison authorities for mailing on February 18, 2010. ECF No. 1 at 13. This case thus is properly treated as having been filed on that date.

The Sheriff has moved to dismiss on various grounds including the statute of limitations. A complaint may be dismissed for failing to state a claim on which relief can be granted if the complaint shows on its face that it is barred by the statute of limitations. *See Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir.2008); *Nguyen v. JP Morgan Chase Bank, NA*, No. 12-11128, 2013 WL 646410 (11th Cir. Feb. 22, 2013).

III

The statute of limitations for Mr. Rowland's § 1983 claims is four years. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). The limitations period for any state-law claim is at most four years; it may be one year. *See* Fla. Stat. § 95.11(5)(g); *Nicarry v. Eslinger*, 990 So. 2d 61 (Fla. 5th DCA 2008); *Rogers v. Judd*, 389 F. App'x 983 (11th Cir. 2010).

The claims for being assigned to work at the private residence and for the resulting injury arose on January 8, 2006—the date when Mr. Rowland did the work and suffered the injury. By that date Mr. Rowland knew everything he needed to know to bring these claims. The claim arising from the denial of medical care arose by January 11, 2006—the date when Dr. Berg began treating Mr. Rowland. From that date forward, Mr. Rowland was not unconstitutionally denied care. And if he was denied care prior to that date as he alleges, he knew it

at the time; Mr. Rowland has not alleged any denial of care of a kind that could be discovered only later.

The last applicable statute of limitations thus expired on January 11, 2010. Mr. Rowland filed this case more than a month later. His claims are barred.

IV

Mr. Rowland's only response is that the limitations period was equitably tolled while he exhausted administrative remedies. Mr. Rowland's original complaint included as exhibits his administrative filings and the responses. *See* ECF No. 1 at 17-46. Mr. Rowland correctly asserts that the exhibits should also be considered part of the second amended complaint. *See* ECF No. 55 at 1-2. Serving additional copies of the same documents as exhibits to the second amended complaint would have served no purpose; such duplicative filings are routinely discouraged in this court.

The administrative filings do not change the conclusion that this lawsuit is barred. Quite the contrary, the administrative filings *confirm* that the lawsuit is barred.

Mr. Rowland never filed a timely and proper grievance addressing any of the matters at issue in this lawsuit. Instead, Mr. Rowland filed grievances only within the Florida Department of Corrections—an entity with no control over, and no responsibility for, the Liberty County Sheriff or Liberty County Jail. Mr. Rowland

filed the grievances within a narrow time frame some three years after the events at issue—not promptly, as required by Florida law.  *See* FLA. ADMIN CODE ANN. r. 33-103.011 (2008) ("Informal Grievances – Must be received within a reasonable time of when the incident or action being grieved occurred").  And after the Department responded to the last of the grievances, Mr. Rowland still had nearly a year to file this lawsuit, without any equitable tolling.  This is not a case where the administrative process interfered with Mr. Rowland's ability to comply with the untolled statute of limitations.

Moreover, Mr. Rowland's grievances complained primarily, if not entirely, not about the same things Mr. Rowland complains about in this lawsuit—being assigned to work at a private residence, severing his thumb, and being denied medical care—but rather about two related but different transgressions committed by different actors.  First, Mr. Rowland complained about the failure of the Florida Department of Law Enforcement—an entity that investigates crimes—to properly investigate, for possible criminal prosecution, the improper assignment of Mr. Rowland to work on the private residence.  Second, Mr. Rowland complained that he had suffered and was continuing to suffer retaliation for complaining about his treatment.

Mr. Rowland was required to exhaust any available administrative remedies for his alleged mistreatment at the Liberty County Jail.  But a grievance directed to

the Department of Corrections was not an available remedy.  The grievances belatedly and improperly filed with the Department of Corrections were not prerequisites to the filing of this lawsuit.  The limitations period for filing this lawsuit was not tolled while those belated and improper grievances were pending.

This conclusion makes it unnecessary to decide whether the statute of limitations for a prisoner's § 1983 action is tolled during the pendency of a timely and proper grievance that must be filed in order to exhaust administrative remedies and that interfere with the prisoner's ability to file a timely lawsuit.  Arguments can be mustered on both sides of that issue.

The issue is governed by state law.  *See Hardin v. Straub*, 490 U.S. 536, 538-39 (1989); *Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279-80 (11th Cir. 2001).  A Florida statute lists circumstances that toll a statute of limitations.  *See* Fla. Stat. § 95.051.  Exhausting administrative remedies is not on the list.  And by the statute's explicit terms, the list is exhaustive: "No disability or other reason shall toll the running of any statute of limitations except those specified in this section . . . ."  *Id*., § 95.051(2); *see also Webb v. Chambly,* 584 So. 2d 216, 217 (Fla. 4th DCA 1991) (stating that § 95.051 "limits tolling of statutes of limitations to the circumstances set out within").  There is much to be said for that approach; a statute of limitations is best when it is clear and easily applied.  In the

absence of contrary Florida authority, this would strongly support the position that Mr. Rowland's limitations period was not tolled.

But there *is* other Florida authority. In *Maschules v. Department of Administration*, 523 So. 2d 1132 (Fla. 1988), the Florida Supreme Court held that a limitations period was equitably tolled on grounds not listed in § 95.051. This puts to rest the assertion that the statute's list of tolling circumstances is exhaustive. Still, the court's language suggested that equitable tolling is available only in circumstances far different from Mr. Rowland's. The court said, "The doctrine [of equitable tolling] serves to ameliorate harsh results that sometimes flow from a strict, literalistic construction and application of administrative time limits contained in statutes and rules." *Id.* at 1134. The court continued, "Equitable tolling is a type of equitable modification which 'focuses on the plaintiff's excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.'" *Id.* (quoting *Cocke v. Merrill Lynch & Co.,* 817 F.2d 1559, 1561 (11th Cir.1987) (internal citations omitted)). The language provides little support for Mr. Rowland, who had ample time to file this lawsuit after the administrative process ended. Indeed, Mr. Rowland announced his intention to file a lawsuit, ECF No. 1 at 32—and said he was "in the process of" doing so, *id.* at 36—nearly a year before the untolled limitations period expired. This is a weak case for equitable tolling.

There also are federal cases applying the law of other states and concluding, in circumstances unlike those here, that a limitations period was equitably tolled while a plaintiff exhausted administrative remedies. *See Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011); *Walker v. Sheahan*, 526 F.3d 973 (7th Cir. 2008); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999). In *Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1280 (11th Cir. 2001), the Eleventh Circuit noted the issue, but did not resolve it. None of these cases suggests that a limitations period is tolled by a prisoner's untimely filing of grievances with a different agency, asserting different claims, than later asserted in an otherwise-untimely lawsuit. The cases do not help Mr. Rowland.

V

A statute of limitations, by definition, precludes consideration of a claim on the merits. The result almost always seems harsh. But there are good grounds for limitations periods: trials are better if memories are fresh; both sides benefit when disputes are promptly resolved; and at some point a defendant should be able to go forward without worrying about past transgressions. Equitable tolling prevents *unduly* harsh applications of a statute of limitations. It is not enough, though, that the plaintiff missed the deadline; otherwise a statute of limitations would serve no purpose at all. Here Mr. Rowland had ample time to file this lawsuit, but he chose

to wait until more than four years after the events at issue to do so. That was too late. Accordingly,

IT IS ORDERED:

The motion to dismiss, ECF No. 54, is GRANTED. The clerk must enter a judgment stating, "The plaintiff Robert L. Rowland's claims are dismissed with prejudice." The clerk must close the file.

SO ORDERED on February 26, 2013.

s/Robert L. Hinkle
United States District Judge